United States District Court
Southern District of Texas
**ENTERED**
September 05, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL TORRES, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-39 |
| | § | |
| OMAR LUCIO, et al., | § | |
|    Defendants. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 11, 2019, Plaintiff Daniel Torres filed a prisoner civil rights suit against eleven separate defendants. Dkt. No. 1. Torres's suit revolves around claims that jail guards assaulted him on two separate occasions while he was suffering from a seizure. Id. Torres moved to proceed in forma pauperis ("IFP motion"). Dkt. No. 3.

On three separate occasions, the Court has ordered Torres to either supplement his IFP motion or pay an initial partial filing fee. Dkt. Nos. 31, 34, 38. Torres has not responded to any of these orders.

After reviewing the record and the relevant case law, it is recommended that Trevino's complaint be dismissed without prejudice for want of prosecution, pursuant to FED. R. CIV. P. 41(b).

**I. Background**

    **A. Factual Background**

On March 11, 2019, Torres filed a prisoner civil rights complaint in this case. Dkt. No. 1. On that same day, Torres moved to proceed IFP. Dkt. No. 3. When the case was filed, Torres was a prisoner at the Carrizales/Rucker Detention Center. Dkt. No. 1.

On March 18, 2019, the Court ordered Torres to complete a series of interrogatories about his claims, to permit the Court to determine whether the complaint stated a claim upon which relief can be granted. Dkt. No. 18.

1

On April 16, 2019, Torres filed the interrogatory answers. Dkt. No. 28. Torres identified two separate instances in which he suffered from a seizure and was assaulted by jail guards. Id.

On May 24, 2019, the Court ordered Torres to supplement his motion to proceed IFP with a certified copy of his prison trust account statement, as required by statute, no later than June 14, 2019. Dkt. No. 31. Torres was warned that failure to comply could result in this case being dismissed without prejudice for failure to obey a Court order. Id. The order was mailed to Torres at Carrizales/Rucker. Dkt. No. 32.[1]

On June 7, 2019, the mailing was returned to the Clerk's Office with the notation that Torres was released from custody on April 17, 2019. Dkt. No. 33.

On July 16, 2019, the Court ordered Torres to show cause as to why his case should not be dismissed for failing to provide a certified copy of his prison trust account statement. Carrizales/Rucker provided the Clerk's Office with a forwarding address for Torres and a copy of the order was sent to Torres's address. Dkt. No. 35. This mailing was returned unopened, with the notation "Return to Sender; Vacant." Dkt. No. 37.

On August 7, 2019, the Court issued an order, noting that while Torres is no longer a prisoner, the Prison Litigation Reform Act still applies to this case because he was incarcerated at the time that he filed the complaint. Dkt. No. 38 (citing Farley v. Simpson, 178 F. App'x 340 (5th Cir. 2006); Gay v. Texas Dep't of Corr. State Jail Div., 117 F.3d 240, 242 (5th Cir. 1997)). "Under the PLRA, a prisoner is not entitled to commence an action or file an appeal without prepayment in some form." Gay, 117 F.3d at 241.

The Court then ordered Torres to pay an initial partial filing fee of $20, no later than August 30, 2019. Torres was warned that failure to timely pay the filing fee may result in a recommendation that this case be dismissed for want of prosecution. The order also noted that the Court would not order service on any defendant until the initial partial filing fee was paid.

---

[1] On July 16, 2019, the Court issued a show cause order for Torres's failure to file the prison trust account statement. Dkt. No. 34. Because it is not clear that Torres ever received the first order, the Court rescinds the show cause order.

This order was mailed to the address provided by Carrizales/Rucker. Dkt. No. 39. On September 3, 2019, the order was returned to the Court with the notation "Return to Sender; Unable to Forward." Dkt. No. 40.

## II. Applicable Law

A district court may sua sponte dismiss an action for failure to prosecute or for failing to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988). Generally, such dismissals are without prejudice.

The statute of limitations, however, may prevent a litigant from re-filing a case after it has been involuntarily dismissed for failure to comply with a court order. "Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Under those circumstances, a dismissal without prejudice is considered a dismissal with prejudice. Id.

## III. Analysis

In analyzing Torres's claims, the Court must construe allegations by pro se litigants liberally, to ensure that his claims are given fair and meaningful consideration, despite his unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

The Court is faced with competing considerations in resolving this case. On one hand, Torres has repeatedly ignored Court orders regarding his IFP motion and the required filing fees. Torres has also failed to provide the Court with a mailing address where he can be reached. The Court has the "inherent power to control its docket and prevent undue delays in the disposition of pending cases." Francois v. City of Gretna, 668 F. App'x 574, 575 (5th Cir. 2016) (quoting Boudwin v. Graystone Ins. Co. Ltd., 756 F.2d 399, 401 (5th Cir. 1985)). The Court is disinclined to keep this case on the docket in the faint hope that Torres will reappear and properly litigate it.

The countervailing consideration is that the facts, which have been pled and at this juncture the Court accepts as true, indicate that Torres suffered multiple seizures in jail and was purposely assaulted by jail guards in each instance. Dkt. No. 28. Accordingly, the complaint raises at least the inference of serious harm being inflicted upon a prisoner and jail officials consciously choosing to ignore the risk of that harm. If those allegations are true, then Torres's complaint should be heard.

The Court finds that the best course of action is to dismiss Torres's complaint without prejudice, pursuant to FED. R. CIV. P. 41(b) for want of prosecution. This would prevent undue delay in the disposition of this case, but would also permit Torres to pursue his claim again before the statute of limitations expires.

The statute of limitations for § 1983 suits "is determined by the general statute of limitations governing personal injuries in the forum state." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). In Texas, the statute of limitations for personal injury cases is two years. Pena v. Texas Med. Bd., 675 F. App'x 465, 467 (5th Cir. 2017) (citing TEX. CIV. PRAC. & REM. CODE § 16.003).

Torres's seizure and injuries apparently occurred on April 13, 2018, and June 19, 2018. Dkt. No. 28. Thus, the statute of limitations would permit him to file a new case no later than April 13, 2020 (for the first and second seizure) or June 19, 2020 (for just the second seizure).[2]

## IV. Recommendation

It is recommended that the complaint filed by Daniel Torres be dismissed without prejudice for want of prosecution, pursuant to FED. R. CIV. P. 41(b).

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically

---

[2] The Fifth Circuit applies FED. R. CIV. P. 6(a) to statutes of limitations; Rule 6(a) states that the date of the date of the underlying event is not included in the limitations period. Flanagan v. Johnson, 154 F.3d 196, 200 (5th Cir. 1998). Thus, the date of the alleged seizures/attacks is not included in calculating the limitations period.

identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on September 5, 2019.

_____
Ronald G. Morgan
United States Magistrate Judge